■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMY M. GETMAN, Appellant. [845 NYS2d 762]—

Crew III, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered December 17, 2001, convicting defendant upon his plea of guilty of the crimes of criminal possession of a dangerous weapon in the first degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree.

As the result of entering a high school carrying two firearms and a duffle bag containing homemade explosives, defendant was charged in a 56-count indictment with various counts of criminal use of a firearm and criminal possession of a dangerous weapon. Defendant pleaded guilty to criminal possession of a dangerous weapon in the first degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree in full satisfaction of the indictment and was sentenced to concurrent 8½-year terms of imprisonment on each count and five years of postrelease supervision. Defendant was also ordered to pay restitution in the amount of $6,024.68 to the Chemung County Sheriff's Department for overtime expenses, $6,655.08 to the Elmira City School District for expenses related to the evacuation and securing of the school building, and a $634.13 mandatory surcharge, totaling $13,313.89. Defendant now appeals the restitution order.

Defendant contends and the People concede that the Sheriff's Department is not a victim of defendant's conduct and is not entitled to restitution for its costs in responding to the incident in question. However, we reject defendant's contention that the School District is not a victim entitled to reparation. Accordingly, the reparation owed by defendant must be reduced by $6,024.68 and the surcharge by $301.38.

Cardona, P.J., Mercure, Mugglin and Rose, JJ., concur. Ordered that the judgment is modified, on the law, by reversing

so much thereof as directed defendant to pay restitution in the amount of $6,024.68 to the Chemung County Sheriff's Department and reducing the mandatory surcharge to $332.75, and, as so modified, affirmed.